# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PRINCESS M. GASPAR, | CASE NO. 05cv1308 BTM (JMA) |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT** |
| vs. | |
| VETERANS ADMINISTRATION HOSPITAL OF LA JOLLA, CALIFORNIA, | |
| Defendant. | |

In June 2005, Plaintiff, proceeding pro se, filed a complaint, accompanied by motions to proceed *in forma pauperis* ("IFP") and for appointment of counsel. In an order filed July 11, 2005, the Court denied the motion for appointment of counsel, granted the motion to proceed IFP, and dismissed the complaint for failure to allege a cause of action. The Court granted Plaintiff leave to file an amended complaint by August 5, 2005.

On August 9, 2005, Plaintiff filed a very confusing document which was docketed as a Request for Counsel. [See Doc. #6.] Plaintiff subsequently sent three letters to the Court requesting, *inter alia*, to refile her previously dismissed case (95cv3683), for copies of documents, and for the Court to settle this matter. All filings from Plaintiff are difficult to decipher and only two of the three letters were even accepted for filing, despite their non-compliance with local rules.

The Court has reviewed the previously submitted documents [Docs. #6, 9, and 11] in an effort to determine whether Plaintiff's case may proceed. A review of Plaintiff's August

9, 2005 filing reveals that, while it does again request that counsel be assigned, it also purports to be an amended complaint. The document appears to be an attempt to address the pleading deficiencies identified in the Court's July 11, 2005 order. For instance, the order directed: "Plaintiff must submit why this Court has jurisdiction to hear this case and whether the applicable statute of limitations renders this case untimely. Plaintiff must also inform the Court of the correct spelling of her name." [Doc. #4 at 2.] Plaintiff's August 9 filing indicated: "Plaintiff has jurisdiction and United States District Court of Southern Calif has jurisdiction reason #1 The case was originally filed in your court, #2 The Plaintiff in your Town & State." [Doc. #6 at 3.] She also indicated that the proper spelling of her name was "Princess Marie Gaspar." [Id. at 4.] Accordingly, the Court has determined that it is appropriate to treat Plaintiff's August 9, 2005 filing as a first amended complaint, along with a renewed request for counsel.

The amended complaint, however, continues to suffer from pleading deficiencies.[1] In particular, while Plaintiff has indicated that, "since the day she was administered medication [she] has suffered permanent eye injury, neurological damage, hearing loss on & off and permanent heart problems," she has not specified who administered her medication. If it is Plaintiff's contention that the party administering the medication was an employee of the United States Government, and she wishes to proceed with a complaint against the Government, she must also allege that she has complied with the requirements of the Federal Tort Claims Act. See 28 U.S.C. § 2675. Finally, her complaint is not in the proper form specified by Fed. R. Civ. P. 8, which requires that a pleading contain: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

Plaintiff is hereby granted leave to file a second amended complaint, which corrects the deficiencies identified above. Plaintiff is further directed to consult the Local Rules for

---

[1] The complaint was also filed after the August 5, 2005 deadline set in the Court's previous order.

this Court and any amended complaint should conform to Civil Local Rule 5.1. The rule requires that: (1) pleadings be legible; (2) statements be made in numbered paragraphs, which are limited to a single set of circumstances; and (3) the title page include a brief designation of the document's nature, in this case "Second Amended Complaint." In addition, Plaintiff is directed to comply with Civil Local Rule 15.1, which requires that any amended pleading be "complete in itself without reference to the superseded pleading."

**Any amended complaint must be filed within 30 days of entry of this order.** If Plaintiff fails to file a second amended complaint within 30 days, or the complaint fails to conform to the requirements specified above, **this case will be dismissed**.

As the Court has indicated that it deems Plaintiff's August 9, 2005 filing to include a renewed request for counsel, the Court hereby **DENIES** such request, without prejudice, for the same reasons specified in its prior order. Plaintiff has not demonstrated any exceptional circumstances warranting the appointment of counsel. Moreover, while the Court has previously determined that Plaintiff has limited financial resources, Plaintiff has made no showing of her attempts to secure counsel on her own, and the Court is unable to assess the meritoriousness of Plaintiff's claim at this juncture due to the deficiencies of Plaintiff's previous pleadings. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).

**IT IS SO ORDERED.**

DATED: May 14, 2007

*[signature]*

Hon. Barry Ted Moskowitz
United States District Judge